ORIGINAL

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2009 NOV 30 PM 1:52

DUBLIN DIVISION

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| ROMERO SILVAN-MEDRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-012 |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, currently incarcerated at McRae Correctional Facility in Mcrae, Georgia, filed a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] The matter is now before the Court on Defendants' pre-answer motions to dismiss. (Doc. nos. 29, 33). Plaintiff has responded to both motions. (Doc. nos. 32, 34). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant McRae

---

[1] Plaintiff brings the instant case pursuant to 42 U.S.C. § 1983 and Bivens. (See doc. no. 1). However, Plaintiff's reliance upon § 1983 is inapposite because § 1983 authorizes claims alleging the deprivation of constitutional rights by persons acting under color of *state* law. Here, none of the Defendants were acting under color of state law. Simply put, Plaintiff "is unable to show that any of the defendants were acting under color of state law for the simple reason that maintaining custody of *federal* prisoners is neither a power 'possessed by virtue of *state* law' nor one that has been 'traditionally exclusively reserved to the *state*.' The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Therefore, [Plaintiff's] § 1983 claims are not viable." Sarro v. Cornell Corrections, Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens.

be **TERMINATED**, that Defendants' motions to dismiss be **GRANTED**, that Plaintiff's complaint be **DISMISSED**, and that this civil action be **CLOSED**.

I. BACKGROUND

*Liberally* construing the complaint, the Court finds the following. Plaintiff is a federal inmate at the McRae Correctional Facility ("McRae"), a private prison operated by the Corrections Corporation of America ("CCA").[2] Plaintiff has sued the following Defendants: (1) the Federal Bureau of Prisons ("BOP"), (2) Harley Lappin, the Director of the BOP, (3) James E. Burrell, the Administrative Remedy Coordinator of the BOP,[3] (4) the CCA, (5) Walt Wells, the Warden of McRae and employee of the CCA, (6) Leslie Ruggenber, a registered nurse at McRae and employee of the CCA, (7) FNU Merrill,[4] a dentist and employee of the CCA, (8) Joan Roy, the prison medical director and employee of the CCA, (9) Kwang Rae Pyon, a dentist at McRae and employee of the CCA, and (10) Debbie Hinson, the health service administrator and employee of the CCA.[5,6] Plaintiff

---

[2]CCA is a private corporation which has contracted with the Federal Bureau of Prisons ("Bureau") to house federal prisoners at McRae.

[3]Defendants BOP, Lappin, and Burrell will be collectively referred to as the "Federal Defendants."

[4]Although Plaintiff listed "Dr. Mennill," as a Defendant, in their answer, the CCA Defendants have provided that Defendant's name is "Merrill." (Doc. no. 18, p. 3). Therefore, the **CLERK** is **DIRECTED** to change Defendant's name to reflect the proper spelling.

[5]Defendants the CCA, Wells, Ruggenber, Merrill, Roy, Pyon, and Hinson will be collectively referred to as the CCA Defendants.

[6]The docket in the case lists McRae as a Defendant. However, a review of Plaintiff's complaint reveals that Plaintiff did not intend to name McRae as a stand alone Defendant. For example, Plaintiff uses McRae and CCA interchangeably (continued on next page)

2

alleges that Defendants were deliberately indifferent to his serious medical need by allegedly "denying, delaying, or intentionally interfer[ing] with [the] medical treatment" for the pain in his jaw, and by refusing to provide Plaintiff with an outside appointment/consult with a maxillofacial specialist. (Doc. no. 1, p. 7).

According to Plaintiff, he suffered an injury to his jaw while playing soccer at McRae that caused him "extreme pain" in his jaw area. (Id. at 6). Plaintiff maintains that he submitted multiple sick call slips requesting medical care. (Id.). He apparently also requested to be seen by an outside maxillofacial specialist; that request was denied. (Id.). Plaintiff claims that Defendants Pyon, Ruggenberg, and Merrill never diagnosed Plaintiff with Temporomandibular Joint ("TMJ") disorder. (Id.). Rather, they only prescribed Plaintiff Tylenol or Acetaminophen for temporary pain relief. (Id.). Plaintiff indicates that he has submitted various sick call slips requesting an X-ray of his jaw bone area. (Id.). However, Plaintiff states that these requests were denied by the medical staff because submitting sick call slips was not the proper manner by which to request that kind of medical

---

through out his pleadings. Additionally, and more importantly, Plaintiff, when listing the parties to the case in his complaint identifies the CCA and/or McRae, a private secure contract facility, as one Defendant. (Doc. no. 1, p. 3). Thus, it appears Plaintiff did not name McRae as a separate Defendant. Additionally, Plaintiff requested waivers of service for all named Defendants, but notably not for McRae. In fact, Plaintiff has made no attempt what-so-ever to effect service on McRae. Therefore, Defendant McRae should be terminated.

In any event, the Court cautioned Plaintiff that he had 120 days from the date of this May 13, 2009 Order to serve the defendants. (Doc. no. 8, p. 3) (citing Fed. R. Civ. P. 4(m)). Defendant McRae has not been served, the time for effecting service under Rule 4 has expired, and Plaintiff has not attempted to effect service on this Defendant, let alone provide any reason for the failure to effect service. Accordingly, based on Plaintiff's failure to effect service, Defendant McRae should be dismissed from the case without prejudice. Nelson v. Barden, 145 Fed. App'x 303, 311 (11th Cir. 2005) (*per curiam*) (affirming dismissal without prejudice for failure to timely effect service pursuant to Rule 4(m)).

service. (Id.). Furthermore, Plaintiff alleges that Defendant Hinson stated that Plaintiff's current medical condition did not warrant a review by a maxillofacial specialist. (Id.).

Plaintiff further maintains that although the CCA's medical staff at McRae is not qualified to handle Plaintiff's medical need, his request to be seen by an "outside maxillofacial specialist" has been denied. (Id. at 8). As relief, Plaintiff seeks a court order requiring Defendants to schedule a consult with an maxillofacial specialist. (Id. at 9). Plaintiff also seeks monetary damages of $156,522,240. (Id. at 10). The Court resolves the matter as follows.[7]

## II. DISCUSSION

### A. Applicable Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Fin., Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross

---

[7] Other than identifying their positions with the BOP (doc. no. 1, p. 3), Plaintiff does not provide any facts concerning any actions taken by Defendants Lappin and Burrell in relation to the events forming the basis for his complaint.

4

and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the motions at hand.

### B. CCA Defendants

The Court turns first to Plaintiff's claims against Defendants the CCA, Wells, Ruggenber, Merrill, Roy, Pyon, and Hinson. Plaintiff attempts to hold the CCA and the individual employees of the privately operated prison liable for alleged violations of his constitutional rights under Bivens. Thus, the instant case against these Defendants raises a threshold issue: whether liability under Bivens may extend to the individual employees of a privately operated prison. The Eleventh Circuit has held that it does not.[8]

The Eleventh Circuit held that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available. Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008). Additionally, the Fourth Circuit has noted, the fact that Defendants are employees of a private corporation should "counsel[] hesitation" in extending Bivens. Holly, 434 F.3d at 291. If the purpose of Bivens is to deter federal government officials from misconduct, it would appear doubtful that Bivens should be applied to private

---

[8]The Court recognizes that, in the past, it has allowed similar Bivens claims to proceed beyond initial screening under §§ 1915(e) and 1915A. See, e.g., Padilla v. CCA, CV 304-011, doc. no. 17, p. 3 (S.D. Ga. Oct. 26, 2004) (citing Sarro, 248 F. Supp.2d at 55-61). However, the Court finds the reasoning of the Fourth and Tenth Circuits' recent decisions on the issue in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), and Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), persuasive. Accordingly, the Court departs from its past practice and adopts the rationale of the Fourth and Tenth Circuits.

citizens. Id. The Constitution itself is meant to circumscribe the limits of *government* action, not private action. Id. Of course, Plaintiff may argue that, in operating a private prison housing federal inmates, Defendants have become government actors. The Court rejects this argument. As noted by the Fourth Circuit, under the Supreme Court's decision in Richardson v. McKnight, 521 U.S. 399, 405 (1997), "the operation of prisons is not a 'public function.'" Holly, 434 F.3d at 293. As a result, it is difficult to see how Defendants' actions in connection with Plaintiff's medical care at a privately operated prison can be properly considered government action. See id. at 293-94.

More importantly, Plaintiff has an adequate remedy *against Defendants individually* in state court.

> Malesko indicates that a Bivens claim should not be implied unless the plaintiff has no other means of redress or unless he is seeking an otherwise nonexistent cause of action against the individual defendant. Therefore, [the Court] will not imply a Bivens cause of action for a prisoner held in a private prison facility when [the Court] conclude[s] that there exists an alternative cause of action arising under either state or federal law against the individual defendant for the harm created by the constitutional deprivation.

Peoples v. CCA Detention Centers, 422 F.3d 1090, 1103 (10th Cir. 2005); see also Holly, 434 F.3d at 295-96. "Because [Plaintiff] possesses an alternative remedy for his alleged injury, no action under [Bivens] lies." Holly, 343 F.3d at 297 (Motz, J., concurring).

Plaintiff alleges that the CCA Defendants provided him with substandard healthcare. Georgia clearly provides him with a tort remedy in state court. See O.C.G.A. § 9-3-70 (explaining that "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"). Indeed, Plaintiff possesses an "arguably superior" cause of action "under the state law of negligence." Holly,

6

434 F.3d at 287. Georgia law provides Plaintiff with a cause of action for negligence and medical malpractice against Defendants. See, e.g., ARA Health Services v. Stitt, 250 Ga. App. 420, 420, 551 S.E.2d 793, 794 (2001) (former inmate brought claims of negligence and medical malpractice against doctor, prison officials, and medical services corporation). Plaintiff may also sue for punitive damages. See id. In fact, in addition to his causes of action against the individual CCA Defendants, in state court Plaintiff may even be able to recover against CCA on a theory of *respondeat superior*, see, e.g., Dozier v. Clayton County Hosp. Auth., 206 Ga. App. 62, 64-65, 424 S.E.2d 632, 634-35 (1992), which would not be a cognizable basis for liability in a Bivens action. See Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 63 (refusing to allow Bivens claim against private entity operating a halfway house under contract with Bureau of Prisons).

Concerning the CCA, Bivens does not extend to allow recovery against private corporations like CCA which operate facilities under contract with the Bureau of Prisons. See Correctional Services Corp. v. Malesko, 534 U.S. at 63.

In sum, Plaintiff has an adequate and effective remedy in state court against the CCA Defendants. As a result, extending liability in the instant case is not necessary either to afford Plaintiff with a remedy or to deter unconstitutional conduct. Indeed, Plaintiff possesses state law claims which "an inmate in a government-run facility would not have" because they would be barred by the Federal Tort Claims Act. Holly, 434 F.3d at 287. Having concluded that Bivens may not be extended to the instant case, Plaintiff's claims should be dismissed. Accordingly, Defendants the CCA, Wells, Ruggenber, Merrill, Roy,

Pyon, and Hinson should be dismissed from this action.

### C. Federal Defendants

Plaintiff also names Harley Lappin, James Burrell, and the BOP as Defendants. The Federal Defendants argue that Plaintiff fails to state any claim against them and has failed to exhaust his administrative remedies. (Doc. no. 33). Additionally, the Federal Defendants argue that the BOP is not subject to a Bivens suit, and thus Plaintiff cannot state a cognizable claim against the BOP.

Plaintiff, on the other hand, argues that this Court has subject matter jurisdiction over his claims. Additionally, Plaintiff argues that he has stated cognizable claims against the Federal Defendants for violation of the Fifth and Eighth Amendments of the Constitution. (Doc. no. 34). Plaintiff also argues that he has fully exhausted his administrative remedies. The Federal Defendants have the better argument.

As an initial matter, the Court lacks subject matter jurisdiction over Plaintiff's claims against the BOP because Bivens does not extend to federal agencies and because the United States is "immune to suit." Nalls v. Coleman Low Fed. Inst., 307 Fed. App'x 296, 298 (11th Cir. 2009) (citing F.D.I.C. v. Meyer, 510 U.S. 471 (1994); Bivens, 403 U.S. at 409). Accordingly, Plaintiff has failed to state a claim against the BOP.

Next, while Plaintiff names Defendants Lappin and Burrell in his complaint, he does not mention these Defendants, let alone assert any wrong doing regarding these Defendants, in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the

8

constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993)[9] (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between any actions of Defendants Lappin and Burrell with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. On that basis alone, the Federal Defendants could be dismissed.

However, even if Defendants Lappin and Burrell had specifically been mentioned as the supervisors of the CCA Defendants, "It is well established in this circuit that supervisory officials are not liable under [ Bivens ] for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Darymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003) (citations omitted). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising

---

[9]Although the Court relies on cases brought pursuant to 42 U.S.C. § 1983, the Eleventh Circuit has held that § 1983 law generally applies to Bivens actions as well "[b]ecause of the similarity in the causes of action . . . ." Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (*per curiam*)).

official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendants Lappin and Burrell were personally involved with Plaintiff's medical treatment at the CCA.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Lappin and Burrell and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[10] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Lappin and Burrell. Accordingly, Plaintiff fails to state a claim for relief against these Defendants.

---

[10] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant McRae be **TERMINATED**, that Defendants' motions to dismiss (doc. nos. 29, 33) be **GRANTED**, that Plaintiff's complaint be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11